UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ROBERT K.,[1] | Case No. 3:20-cv-01654-MK |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| COMMISSIONER, Social Security Administration, | |
| Defendant. | |

**KASUBHAI,** United States Magistrate Judge:

Plaintiff Robert Dean K. seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for supplemental security income ("SSI") under Title XVI of the Social Security Act (the "Act"). This Court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g). All parties have consented to allow a Magistrate Judge to enter final orders and judgment in this case in accordance with Fed. R. Civ. P. 73 and 28 U.S.C. § 636(c). *See* ECF No. 11. For

---

[1] In the interest of privacy, the Court uses only the first name and last name initial of non-government parties whose identification could affect Plaintiff's privacy.

the reasons set forth below, the Commissioner's decision is REVERSED and this case is REMANDED for further proceedings.

## PROCEDURAL BACKGROUND

Plaintiff filed an application for SSI in February 2013 with an alleged onset date of July 26, 2003.[2] Tr. 643.[3] Plaintiff later amended his alleged onset date to February 26, 2013. Tr. 15. Plaintiff's application was denied initially in July 2013 and again upon reconsideration in November 2013. Tr. 390, 396. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), Tr. 403–04, and a hearing was scheduled for July 2015, Tr. 427. On September 20, 2015, an ALJ dismissed Plaintiff's claim for failure to appear at the scheduled hearing. Tr. 210–11. Plaintiff then requested review by the Appeals Council, Tr. 453, and the Appeals Council remanded the claim for a new hearing in June 2016, Tr. 212.

A hearing was held in April 2018. Tr. 73. On August 8, 2018, an ALJ issued a decision finding Plaintiff not disabled within the meaning of the Act. Tr. 220. Plaintiff again requested review by the Appeals Council, Tr. 546–48, and the Appeals Council again remanded the claim for a new hearing in September 2019, Tr. 242.

A new hearing was held in January 2020. Tr. 42. On January 24, 2020, the ALJ issued a decision finding Plaintiff not disabled within the meaning of the Act. Tr. 15–29. Plaintiff again requested review by the Appeals Council. Tr. 612–14. The Appeals Council denied Plaintiff's request for review, Tr. 1, and the ALJ's decision operates as the final decision of the Commissioner subject to this Court's review. Plaintiff's timely appeal followed.

---

[2] Plaintiff also filed an application for Disability Insurance Benefits ("DIB"). Tr. 641. However, Plaintiff only appeals the ALJ's decision as to Plaintiff's SSI application. *See* Pl.'s Op. Br. 1 n.1, ECF No. 16.

[3] "Tr." citations are to the Administrative Record. ECF No. 15.

## FACTUAL BACKGROUND

Plaintiff was 36 years old on his alleged onset date of February 26, 2013. Tr. 27. He has a high school education and does not have past relevant work. *Id.* Plaintiff alleges disability based on scoliosis, severe head injury, broken right ankle, attention deficit hyperactivity disorder ("ADHD"), and depression. Tr. 674.

## LEGAL STANDARD

A court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). "Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's." *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) (citation omitted); *see also Burch v. Barnhart*, 400 F.3d 676, 680–81 (9th Cir. 2005) (holding that the court "must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation" (citation omitted)). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (citation and internal quotations omitted).

The initial burden of proof rests upon the claimant to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically

determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920. First, the Commissioner determines whether a claimant is engaged in "substantial gainful activity"; if so, the claimant is not disabled. *Yuckert*, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b). At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140–41; 20 C.F.R. §§ 404.1520(c), 416.920(c). A severe impairment is one "which significantly limits [the claimant's] physical or mental ability to do basic work activities[.]" 20 C.F.R. §§ 404.1520(c), 416.920(c). If the impairment does not, the claimant is not disabled. *Yuckert*, 482 U.S. at 141. At step three, the Commissioner determines whether the impairments meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Id.*; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the analysis proceeds. *Yuckert*, 482 U.S. at 141.

At this point, the Commissioner must evaluate medical and other relevant evidence to determine the claimant's "residual functional capacity" ("RFC"), an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations the claimant's impairments impose. 20 C.F.R. §§ 404.1520(e), 404.1545(b)–(c), 416.920(e), 416.945(b)–(c). At the fourth step, the Commissioner determines whether the claimant can perform "past relevant work." *Yuckert*, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can work, the claimant is not disabled; if the claimant cannot perform past relevant work, the burden shifts to the Commissioner. *Yuckert*, 482 U.S. at 146 n.5. At step

five, the Commissioner must establish that the claimant can perform other work that exists in significant numbers in the national economy. *Id.* at 142; 20 C.F.R. §§ 404.1520(e)–(f), 416.920(e)–(f). If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his amended alleged onset date. Tr. 19. At step two, the ALJ found that Plaintiff had the following severe impairments: lumbar degenerative disc disease, left plantar fasciitis, status post fracture of the right calcaneus, recurrent renal calculus disease, substance abuse disorder in remission, and mood disorder. *Id.* At step three, the ALJ found that Plaintiff did not have an impairment or combination thereof that met or medically equaled the severity of a listed impairment. *Id.* The ALJ found that Plaintiff had the RFC to perform sedentary work with the following limitations:

> [T]he claimant is limited to occasional climbing of ramps or stairs and no climbing of ladders, ropes, or scaffolds; the claimant is limited to occasional stooping, squatting, kneeling, crouching, and crawling; the claimant is limited to understanding and carrying out simple instructions; the claimant is [ ] limited to no contact with the general public and occasional contact with coworkers (no teamwork assignments); the claimant will be absent one day per month; and the claimant would be off task at work ten percent of the time, but still meet minimum production requirements of the job.

Tr. 21.

At step four, the ALJ determined that Plaintiff had no past relevant work. Tr. 27. At step five, the ALJ found, in light of Plaintiff's age, education, work experience, and RFC, a significant number of jobs existed in the national economy such that Plaintiff could sustain

employment despite his impairments. Tr. 28. The ALJ thus found Plaintiff was not disabled within the meaning of the Act. *Id.*

## DISCUSSION

### I.  New and Material Evidence

Plaintiff asserts that remand is warranted because the Appeals Council failed to address new and material evidence that Plaintiff submitted to the Appeals Council after the January 2020 hearing. Pl.'s Op. Br. 4, ECF No. 16. Plaintiff argues that his submission of reports generated on the "Job Browser Pro" program—the same program on which the vocational expert ("VE") relied for her testimony—should have been considered by the Appeals Council because those reports cast doubt on the VE's job number estimates. *Id.* at 5–6. Defendant asserts that remand is not warranted based on Plaintiff's lay research and allegation that the VE's job number estimates were incorrect. Def.'s Br. 3, ECF No. 19.

During Plaintiff's January 2020 hearing, the VE testified that Plaintiff would be able to perform the following jobs: (1) table worker, with approximately 20,900 jobs available nationwide; (2) wafer breaker, with approximately 18,200 jobs available nationwide; and (3) taper, with approximately 10,900 jobs available nationwide. Tr. 66. Plaintiff's counsel asked the VE about the source of her estimates, and the VE responded she used the "Job Browser Pro" program. Tr. 69. After the hearing, Plaintiff requested review by the Appeals Council and submitted reports from the "Job Browser Pro" program showing that, combined, there were only 4,003 jobs available nationwide as a table worker, wafer breaker, and taper. Tr. 950. Plaintiff asserts that the ALJ thus improperly found there were jobs that exist in significant numbers in the national economy that Plaintiff can perform. *Id.* The Notice of the Appeals Council Action states that the Appeals Council "considered [Plaintiff's] reasons and exhibited them on the enclosed

Order[,]" and "found that the reasons do not provide a basis for changing the [ALJ's] decision." Tr. 1. The Order states that the Appeals Council "has received additional evidence which it is making part of the record." Tr. 5.

"Where the Appeals Council was required to consider additional evidence, but failed to do so, remand to the ALJ is appropriate so that the ALJ can reconsider its decision in light of the additional evidence." *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1233 (9th Cir. 2011). Under the relevant regulations, the Appeals Council is required to review a case if the Appeals Council "receives additional evidence to review that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5). Additionally, "in reviewing decisions based on an application for benefits, the Appeals Council will only consider additional evidence under paragraph (a)(5) of this section if [the claimant] show[s] good cause for not informing us about or submitting" written evidence no later than five business days before the date of the scheduled hearing. 20 C.F.R. §§ 404.970(b), 416.1470(b); *see also* 20 C.F.R. §§ 404.935(a), 416.1435(a) (requiring parties to inform the Commissioner about or submit any written evidence no later than five business days before the date of the scheduled hearing). Good cause can be shown if an "unusual, unexpected, or unavoidable circumstance beyond [the claimant's] control prevented [the claimant] from informing us about or submitting the evidence earlier." 20 C.F.R. §§ 404.970(b)(3), 416.1470(b)(3).

The Ninth Circuit has held that a claimant who is represented by counsel "must, at a minimum, raise the issue of the accuracy of the [vocational] expert's estimates at some point during administrative proceedings to preserve the challenge on appeal in federal district court."

Page 7 — OPINION AND ORDER

*Shaibi v. Berryhill*, 883 F.3d 1102, 1003 (9th Cir. 2017). The Ninth Circuit has recognized that "a claimant will rarely, if ever, be in a position to anticipate the particular occupations a VE might list and the corresponding job numbers to which a VE might testify at a hearing." *Id.* at 1110. "It is enough to raise the job-numbers issue in a general sense before the ALJ. A claimant may do so by inquiring as to the evidentiary basis for a VE's estimated job numbers[.]" *Id.*

Plaintiff asserts that his "Job Browser Pro" reports are new and material evidence that would likely change the outcome of the ALJ's decision. Pl.'s Op. Br. 6–7, ECF No. 16; *see also* 20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5). The Court agrees. The difference between the VE's estimate of nearly 50,000 jobs available nationwide and Plaintiff's estimate of 4,003 jobs available nationwide is a sufficiently wide gap that, if properly reconciled, could have affected the ALJ's decision. While the Ninth Circuit has not established a minimum number of jobs that qualifies as "significant" in the national economy, there is a reasonable probability that the ALJ would have decided the fifth step differently based on Plaintiff's estimate of 4,003 jobs available nationwide. *See, e.g.*, *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 529 (9th Cir. 2014) (determining that 25,000 jobs available nationwide was a "close call"); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012) (determining that 1,680 jobs available nationwide did not constitute a "significant" number of jobs).

Plaintiff next argues that his submission of the "Job Browser Pro" reports satisfies the good cause requirement because "it was responsive to the vocational testimony taken at the hearing, which [Plaintiff] could not have [ ] sufficiently anticipated" in order to submit the reports five days prior to the hearing. Pl.'s Op. Br. 5, ECF No. 16; *see also* 20 C.F.R. §§ 404.935(a), 416.1435(a). The Court agrees. Because Plaintiff could only have asked the VE about the source of her estimates during the hearing, the Court finds that Plaintiff sufficiently

raised the job-numbers issue in a general sense before the ALJ. *See Shaibi*, 883 F.3d at 1110. Plaintiff could not have anticipated the specific occupations the VE listed at the January 2020 hearing. *Id.* As such, Plaintiff had good cause for not submitting the "Job Browser Pro" reports five days prior to the hearing.

**II.     Remand**

A reviewing court has discretion to remand an action for further proceedings or for a finding of disability and an award of benefits. *See, e.g.*, *Stone v. Heckler*, 761 F.2d 530, 533 (9th Cir. 1985). Whether an action is remanded for an award of benefits or for further proceedings depends on the likely utility of additional proceedings. *Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000). In determining whether an award of benefits is warranted, the court conducts the "three-part credit-as-true" analysis. *Garrison*, 759 F.3d at 1020. Under this analysis the court considers whether: (1) the ALJ has failed to provide legally sufficient reasons for rejecting evidence; (2) the record has been fully developed and further proceedings would serve no useful purpose; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *See Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015).

As to the second requisite, the Ninth Circuit has held that remanding for proceedings rather than for an immediate payment of benefits serves a useful purpose where "the record has [not] been fully developed [and] there is a need to resolve conflicts and ambiguities." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014) (internal quotations and citations omitted). Here, there remains a conflict between the job numbers the VE provided in her testimony and the job numbers Plaintiff submitted to the Appeals Council. As a result, the ALJ's decision was not supported by substantial evidence. Remanding for proceedings would

allow the ALJ to reconcile the differences between Plaintiff's submission and the VE's testimony. Because the Appeals Council was required to consider Plaintiff's submission, but failed to do so, remand to the ALJ is appropriate so that the ALJ can reconsider the decision in light of the additional evidence. *See Taylor*, 659 F.3d at 1233.

## CONCLUSION

For the reasons discussed above, the Commissioner's decision was not based on substantial evidence. Accordingly, the Commissioner's decision is REVERSED and this case REMANDED pursuant to sentence four of 42 U.S.C. §405(g) for further proceedings consistent with this Opinion and Order.

IT IS SO ORDERED.

DATED this 2nd day of December 2021.

s/ Mustafa T. Kasubhai  
MUSTAFA T. KASUBHAI (He / Him)  
United States Magistrate Judge