UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

ROBERT K.,[1]

            Plaintiff,

v.

COMMISSIONER, Social Security Administration,

            Defendant.

Case No. 3:20-cv-01654-MK

**OPINION AND ORDER**

**KASUBHAI,** United States Magistrate Judge:

      Plaintiff Robert Dean K. sought judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his application for Supplemental Security Income under the Social Security Act (the "Act"). In December 2021, this Court reversed and remanded the Commissioner's decision for further proceedings. *See* Dec. 2, 2021 Op. & Order, ECF No. 21 ("O&O"). Plaintiff now moves for an award of attorney fees

---

[1] In the interest of privacy, the Court uses only the first name and last name initial of non-government parties whose identification could affect Plaintiff's privacy.

Page 1 — Opinion and Order

pursuant to 28 U.S.C. § 2412(d), the Equal Access to Justice Act ("EAJA"), in the amount of $2,445.51. Pl.'s Mot. for EAJA Fees, ECF No. 23 ("Pl.'s Mot."); Pl.'s Reply, ECF No. 26. The Commissioner opposes the motion. Def.'s Resp., ECF No. 25. All parties have consented to allow a Magistrate Judge to enter final orders and judgment in this case in accordance with Federal Rule of Civil Procedure 73 and 28 U.S.C. § 636(c). *See* ECF No. 11. For the reasons that follow, Plaintiff's application for EAJA fees is GRANTED.

## STANDARD OF REVIEW

A party who prevails against the United States in a civil action is entitled, in certain circumstances, to an award of attorney fees and costs pursuant to the EAJA. 28 U.S.C. § 2412. Under the EAJA, a court may award attorney fees and costs to a plaintiff's attorney in an action against the United States or any agency or official of the United States if:

> (1) the plaintiff is the prevailing party, (2) the government has not met its burden to show that its positions were substantially justified or that special circumstances make an award unjust, and (3) the requested attorney's fees and costs are reasonable.

28 U.S.C. § 2412(d)(1)(A); *see also Perez-Arellano v. Smith*, 279 F.3d 791, 792 (9th Cir. 2002).

A "prevailing party" is one who has been awarded relief by the court on the merits of at least some of his claims. *Hanrahan v. Hampton*, 446 U.S. 754, 758 (1980). A prevailing plaintiff is not entitled to attorney fees under the EAJA when the Commissioner's positions were substantially justified. *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002). Substantial justification means "justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person." *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013) (citation omitted). "Put differently, the government's position must have a 'reasonable basis both in law and fact.'" *Id*. (citation omitted). An award of attorney fees under the EAJA must also be reasonable. 28 U.S.C. § 2412(d)(2)(A).

## DISCUSSION

Plaintiff seeks attorney fees in the amount of $2,445.51, which represents a total of 11.30 hours of litigating the merits of Plaintiff's appeal of the Appeals Council decision, preparing the fee award application, and responding to the Commissioner's opposition. *See* Pl.'s Reply, ECF No. 26-1.[2] The Commissioner argues that the government's position was substantially justified because reasonable people could agree with the Commissioner's litigation position that Plaintiff's submissions to the Appeals Council did not warrant remand. Def.'s Resp. 3, ECF No. 25. In support of this argument, the Commissioner asserts that "many other courts have rejected similar attempts to undermine vocational expert testimony by submitting vocational information after the hearing." *Id.* at 3.[3]

The issue in the underlying litigation was whether the Appeals Council should have considered Plaintiff's submission of "Job Browser Pro" reports—the same program on which the vocational expert ("VE") relied for her testimony—showing a difference between the VE's

---

[2] In his Reply, Plaintiff requests an adjusted total of $2,576.04, reflecting the additional time spent responding to the Commissioner's opposition. *See* Pl.'s Reply 3, ECF No. 26. However, the attached timesheet and proposed order both indicate an adjusted total of $2,445.51. *See* Timesheet, ECF No. 26-1; *see also* Proposed Order, ECF No. 26-2. As such, the Court considers only the correct amount of $2,445.51. ((1.3 hours x 2020 rate $207.78 = $270.11) + (10 hours x 2021 rate $217.54 = $2,175.40) = $2,445.51).

[3] The Commissioner again asserts that "the Ninth Circuit recently held that O*Net data and information (similar to the Job Browser Pro materials [Plaintiff] submitted), which became part of the administrative record as new evidence submitted to the Appeals Council, 'does not necessarily establish either legal error or a lack of substantial evidence to support the ALJ's disability determination.'" Def.'s Resp. 3, ECF No. 25 (citing *Terry v. Saul*, 998 F.3d 1010, 1013 (9th Cir. 2021)). In *Terry*, the claimant submitted additional reports specifically to challenge the VE testimony as incompatible with the claimant's limitations. *See Terry*, 998 F.3d at 1013 ("Terry claims that the majority of the jobs identified by the vocational expert require more than six hours of standing or walking per day."). Here, however, no such challenge exists. Plaintiff in this case submitted reports generated on the same program on which the VE relied for her testimony to show a discrepancy in the number of jobs available. As such, the Commissioner's argument is unavailing.

Page 3 — Opinion and Order

estimate of nearly 50,000 jobs available nationwide and Plaintiff's estimate of 4,003 jobs. *See* O&O 6, ECF No. 21. In resolving the merits of Plaintiff's appeal, this Court previously found that: (1) Plaintiff's "Job Browser Pro" reports were new and material evidence; (2) there was a reasonable probability that those reports would have changed the outcome of the ALJ's decision; and (3) Plaintiff had good cause for not submitting those reports five days prior to the hearing because Plaintiff could not have anticipated the VE testimony.[4] *Id.* at 7–9. Because "there remain[ed] a conflict between the job numbers the VE provided in her testimony and the job numbers Plaintiff submitted to the Appeals Council[,]" the Court determined the ALJ's decision was not supported by substantial evidence and remanded for further proceedings.[5] *Id.* at 9–10.

The Commissioner focuses the argument on whether the Commissioner's litigation decision was substantially justified. *See* Def.'s Resp. 3, ECF No. 25 ("While it was within this Court's purview to exercise caution here and order further proceeding to reconcile the conflict between the expert's testimony and [Plaintiff's] reports, it was equally reasonable for the Commissioner to defend the ALJ's decision."). However, the question remains whether the Commissioner's underlying decision on which this case was remanded was substantially justified. Under 28 U.S.C. § 2412(d)(1)(A), "[t]he 'position of the United States' includes both the government's litigation position and the underlying agency action giving rise to the civil

---

[4] Under the relevant regulations, the Appeals Council is required to review an ALJ's decision if the Appeals Council "receives additional evidence to review that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5).

[5] "Where the Appeals Council was required to consider additional evidence, but failed to do so, remand to the ALJ is appropriate so that the ALJ can reconsider its decision in light of the additional evidence." *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1233 (9th Cir. 2011).

action." *Meier*, 727 F.3d at 870; *see also Li v. Keisler*, 505 F.3d 913, 919 (9th Cir. 2007) ("[W]e have consistently held that regardless of the government's conduct in the federal court proceedings, unreasonable agency action at any level entitles the litigant to EAJA fees.").

Because the Appeals Council was required to consider Plaintiff's additional evidence, but did not do so, the government's underlying position was neither reasonable nor substantially justified. As such, the Court need not address whether the government's litigation position is substantially justified. *Meier*, 727 F.3d at 872 ("Because the government's underlying position was not substantially justified, we need not address whether the government's litigation position was justified."); *see also Shafer*, 518 F.3d at 1071 ("The government's position must be substantially justified at each stage of the proceedings." (citation and internal quotations omitted)).

The Commissioner does not challenge the reasonableness of Plaintiff's fee request. The Court has considered the request and finds it to be reasonable. Additionally, the Court finds Plaintiff's revised calculation of $2,445.51 to be reasonable as it includes time spent responding to the Commissioner's opposition. *See* Pl.'s Reply 3, ECF No. 26.

## CONCLUSION

For the reasons above, Plaintiff's application for EAJA fees (ECF No. 23) is GRANTED in the amount of $2,445.51.

IT IS SO ORDERED.

DATED this 7th day of June 2022.

s/ Mustafa T. Kasubhai<br>
MUSTAFA T. KASUBHAI (He / Him)<br>
United States Magistrate Judge